IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| EVELYN R. BENTON, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:23CV311 (RCY) |
| | ) | |
| HOME MAX REALTY, INC., *et al.*, | ) | |
|     Defendants. | ) | |

**MEMORANDUM OPINION**

This is an action brought pursuant to the Fair Housing Act by *pro se* Plaintiff Evelyn R. Benton ("Benton" or "Plaintiff") against Defendants Home Max Realty, Inc., Alla Lonnqvist,[1] and Vladlena Alekseevna Rybak (collectively, "Defendants"). The matter is before the Court on Defendants' Motion to Dismiss Pursuant to Rules 12(b)(2) and 12(b)(3). The Court concludes that oral argument is unnecessary because the facts and legal arguments are adequately presented in the parties' briefs. E.D. Va. Loc. Civ. R. 7(J). For the reasons set forth below, Defendants' Motion to Dismiss will be granted, and this civil action will be dismissed.

**I. RELEVANT PROCEDURAL BACKGROUND**

Plaintiff Evelyn R. Benton filed her *pro se* Complaint on May 8, 2023. ECF No. 1. Defendants filed a timely Motion to Dismiss, ECF No. 3, and a Memorandum in Support thereof, ECF No. 4, on June 6, 2023. On June 7, 2023, Plaintiff filed a "Reply to Defendant's [sic] Motion to Dismiss," ECF No. 7 (hereinafter, "Plaintiff's Opposition"), which the Court construes as her response. On June 13, 2023, Defendants filed their Reply. ECF No. 8. Plaintiff then filed a so-

---

[1] The Complaint (and thus the docket) mistakenly spells Defendant Lonnqvist's name as "Lonnovist." As there is no apparent dispute about the intended target of Plaintiff's claims and Defendant Lonnqvist has duly appeared regardless, the Court simply notes the error and will refer to Defendant Lonnqvist by her proper name here on out.

called "Addendum #1 to Defendant's [sic] Motion to Dismiss." ECF No. 9. Defendant's Motion to Dismiss is accordingly fully briefed and ripe for disposition.

## II.  LEGAL STANDARD

Defendants seek dismissal of this action based on lack of personal jurisdiction and improper venue pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3), respectively. A district court may resolve a 12(b)(2) motion challenging personal jurisdiction in one of two ways: by holding an evidentiary hearing, or by ruling on the "motion papers, supporting legal memoranda, and the relevant allegations in the complaint." *New Venture Hldgs. v. DeVito Verdi, Inc.*, 376 F. Supp. 3d 683, 689 (E.D. Va. 2019) (citing *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989)); *PBM Prods. v. Mead Johnson Nutrition Co.*, 2009 U.S. Dist. LEXIS 93312, at *4 (E.D. Va. Sept. 29, 2009) ("[A] district court may look to both plaintiff and defendant's proffered proof."). The burden is on the plaintiff to prove that personal jurisdiction exists over the defendant by a preponderance of evidence. *New Wellington Fin. Corp. v. Flagship Resort Dev. Corp.*, 416 F.3d 290, 294 (4th Cir. 2005). The plaintiff "must make a prima facie showing of a sufficient jurisdictional basis" to survive a motion to dismiss for personal jurisdiction when the court addresses the issue "on the basis only of motion papers, supporting legal memoranda, and the relevant allegations of a complaint." *Id*. (quoting *Combs*, 886 F.2d at 676).

In order to determine whether a plaintiff has made a prima facie showing of jurisdiction, the court "must construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction." *New Venture Hldgs.*, 376 F. Supp. 3d at 689 (internal quotation marks omitted) (citing *New Wellington Fin. Corp.*, 416 F.3d at 294). Furthermore, "[i]n cases where 'the defendant provides evidence which denies facts essential for jurisdiction, "the plaintiff must, under threat of dismissal, present

2

sufficient evidence to create a factual dispute on each jurisdictional element which has been denied by the defendant and on which the defendant has presented evidence."'" *New Venture Hldgs.*, 376 F. Supp. 3d at 689 (quoting *Colt Def., LLC v. Heckler & Koch Def., Inc.*, 2004 U.S. Dist. LEXIS 28690, at *29–30 (E.D. Va. Oct. 22, 2004)).

When facing a venue challenge under Rule 12(b)(3) and 28 U.S.C. § 1406, a "plaintiff bears the burden of establishing that venue is proper." *Symbology Innovations, LLC v. Lego Sys., Inc.*, 282 F. Supp. 3d 916, 925 (E.D. Va. 2017) (aggregating cases); *Adhikari v. KBR, Inc.*, 2016 WL 4162012, at *3 (E.D. Va. Aug. 4, 2016). To survive an allegation of "improper venue when no evidentiary hearing is held, the plaintiff need only make a prima facie showing of venue." *Mitrano v. Hawes*, 377 F.3d 402, 405 (4th Cir. 2004). The Court is "permitted to consider evidence outside the pleadings" in determining whether venue is proper, *Aggarao v. MOL Ship Mgmt. Co.*, 675 F.3d 355, 366 (4th Cir. 2012), and it will "view the facts in the light most favorable to the plaintiff." *Id.* at 356–66.

Finally, the Court acknowledges that *pro se* complaints are afforded a liberal construction. *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006). The Court, however, need not attempt "to discern the unexpressed intent of the plaintiff," and thus the required liberal construction is not to extend so far as to constitute a "complete rewriting" of the *pro se* complaint to ensure its survival in the face of a motion to dismiss. *Id.*

### III.  FACTUAL BACKGROUND

The Court has determined that the following narrative constitutes the factual background relevant to the disposition of the questions of personal jurisdiction and venue.[2]

---

[2] The Court notes that some of the facts presented below are contradicted by Defendants' Affidavits and documents attached thereto. However, these issues of fact do not impact the questions of personal jurisdiction or venue; the Court is able to decide these questions even when it accepts Plaintiff's conflicting allegations as true. The

3

Plaintiff Evelyn Benton ("Plaintiff") is a Black woman and a resident of Henrico County, Virginia. Compl. 1, ECF No. 1; Compl. Attach. A ¶ 1, ECF No. 1-1. Defendants Home Max Realty, Inc. ("Home Max"), Vladlena Alekseevna Rybak ("Rybak"), and Alla Lonnqvist ("Lonnqvist") are all Florida citizens. *See* Compl. 2. Home Max is a real estate brokerage firm in Florida; it is not authorized or licensed to conduct business in Virginia and has never done so. Mem. Supp. Mot. Dismiss Ex. B ("Lonnqvist Aff.") ¶¶ 6–8. During the timeframe relevant to this dispute, Rybak—who is White, *see* Compl. Attach. A ¶ 2—lived and worked as a licensed real estate agent in Florida and was affiliated with Home Max as an independent contractor. Mem. Supp. Mot. Dismiss Ex. A ("Rybak Aff.") ¶¶ 3–4, ECF No. 4-1. Defendant Lonnqvist is a co-owner of Home Max and a resident of Florida. Lonnqvist Aff. ¶¶ 3–4.

On or about May 23, 2021, Home Max received an inquiry from Plaintiff, who was looking for assistance with a real estate search. Rybak Aff. ¶ 9. The inquiry was assigned to Defendant Rybak for handling. *Id*. Rybak connected with Plaintiff and learned that Plaintiff was visiting South Florida from Virginia and was interested in viewing condominiums. *Id*. ¶ 10. Plaintiff expressed specific interest in a West Palm Beach condominium that was listed for sale. Compl. Attach. A ¶¶ 1–3. Rybak informed Plaintiff that she could not show Plaintiff the property without a pre-approval letter. *Id.* ¶ 3; Compl. Ex. 1 ("Text Messages"), ECF No. 1-2. Plaintiff told Rybak that Plaintiff would have a pre-approval letter for her when Plaintiff arrived in Florida. Compl. Attach. A ¶ 3. On May 24, 2021, Plaintiff provided Rybak with a pre-approval letter that indicated Plaintiff was pre-approved for a loan of $235,600 from Pentagon Federal Credit Union ("Pentagon Federal"), an entity located in Arlington, Virginia. *Id.* ¶ 4. The pre-approval letter was issued in

---

Court does, however, include facts presented by the Defendants via affidavit where those facts are not otherwise contradicted by Plaintiff, i.e., where there is no factual dispute. *See New Venture Hldgs*., 376 F. Supp. 3d at 689.

April of 2021, *id*., and shows that the approval would expire August 3, 2021, *see* Compl. Ex. 3 (hereinafter, "Pre-approval Letter"), ECF No. 1-4.  Plaintiff alleges that the amount of her approval exceeded the price of the property she wanted to purchase.  Compl. Attach. A ¶ 4.  Plaintiff further alleges that she told Rybak that she wished to place an asking-price offer for the listed property.  Compl. Ex. 2 ("HUD Complaint") at 2, ECF No. 1-3.

On or about May 24, 2021, Rybak called Pentagon Federal to obtain Plaintiff's financial information without authorization from or notice to Plaintiff.  *Id.* ¶ 5.  Pentagon Federal declined to provide any information because Rybak did not have Plaintiff's authorization.  *Id.*  Rybak then allegedly "steered" Plaintiff towards another mortgage broker by having the broker contact Plaintiff, and Rybak "based writing the contract upon [Plaintiff] getting a new [pre-approval] letter from him."  *Id.* ¶ 6.  Plaintiff alleges that when she refused to work with the broker, Rybak then refused to write a contract on the property Plaintiff desired.  *Id.*  Based on all of this, Plaintiff alleges "that she was discriminated against because of her race i.e., that is, the defendant's perception that Blacks have no money; are financially irresponsible and are unable to obtain loans because they have low credit scores."  *Id.* ¶ 7.

Upon her return to Virginia, Plaintiff filed a Housing Discrimination Complaint with the United States Department of Housing and Urban Development ("HUD").  *See id*. ¶ 8.  *See generally* HUD Complaint.  HUD concluded its investigation notified Plaintiff of the disposition on May 5, 2023.  Compl. Attach. A ¶ 8.  Due to her apparent dissatisfaction with the results of the HUD investigation, Plaintiff filed the present lawsuit.  *Id*. ¶ 10.[3]

Neither Plaintiff's Complaint nor her attached documentation contain any allegations concerning Defendant Lonnqvist, nor any specific allegations against Home Max.

---

[3] The Court notes that Plaintiff's Statement of Claim (Compl. Attach. A) omits a ¶ 9.

## IV.  ANALYSIS

For a party to maintain a lawsuit in federal court, three prerequisites must be satisfied: subject matter jurisdiction, personal jurisdiction, and venue.  Defendants presently challenge the latter two.[4]  For the reasons set forth below, the Court agrees that Plaintiff's lawsuit does not involve the required nexus to this forum to satisfy the requirements of personal jurisdiction and venue, and as a result the case may not be heard here.

### A.  Personal Jurisdiction

An analysis of personal jurisdiction is normally a two-step process consisting of both statutory and constitutional components.  *Peanut Corp. of Am. v. Hollywood Brands, Inc.*, 696 F.2d 311, 313 (4th Cir. 1982).  Because Defendants are not residents of Virginia, the Court may only exercise jurisdiction if Plaintiff can establish (1) that Defendants' contacts with Virginia satisfy the Virginia long-arm statute, Va.Code Ann. § 8.01-328.1, and (2) that the statutory assertion of jurisdiction is consistent with the Due Process Clause of the Constitution.  *See English & Smith v. Metzger*, 901 F.2d 36, 38 (4th Cir. 1990).

Under the relevant subsection[5] of Virginia's long-arm statute, "[a] court may exercise personal jurisdiction over a person . . . as to a cause of action arising from the person's . . . [t]ransacting any business in this Commonwealth."  Va. Code Ann. 8.01-328.1(A).  This provision gives the Court jurisdiction over a non-resident party who transacts any business within the

---

[4] Plaintiff appears to conflate subject matter jurisdiction with personal jurisdiction, as her response to Defendants' Motion to Dismiss raises arguments about federal question jurisdiction and diversity of citizenship. Nevertheless, the Court must assess personal jurisdiction, because a court may exercise personal jurisdiction over a nonresident defendant only if "minimum contacts" exist between the defendant and the forum state. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

[5] Virginia's long-arm statute contains various other potential hooks for personal jurisdiction, but none are even facially applicable to the circumstances here, as Defendants are not accused of, *inter alia*, causing tortious injury or breach of contract.  Rather, Plaintiff rests her claims on the Fair Housing Act.  *See* Compl. § II.A.

6

Commonwealth so long as the cause of action asserted arises from at least a single, purposeful transaction here. *Viers v. Mounts*, 466 F. Supp. 187, 190 (W.D.Va. 1979).

Plaintiff provides no specific evidence that Defendants conducted any purposeful business transactions in Virginia that would give rise to personal jurisdiction. The only alleged contact between Defendants and the Commonwealth is Defendant Rybak's call to Pentagon Federal to confirm Plaintiff's pre-approval status. *See* Compl. Attach. A ¶¶ 4–5. Defendants are all residents and citizens (for personal jurisdiction purposes) of Florida. Lonnqvist Aff. ¶¶ 3, 5, 9; Rybak Aff. ¶ 3. Although Plaintiff is herself a resident of Virginia, the facts show that Plaintiff initiated contact with Defendants when she sought assistance with a real estate search and traveled to Florida to participate in such search. *Id*. ¶¶ 3–4; Rybak Aff. ¶¶ 9–10. The facts do not suggest that Defendants reached into Virginia to solicit business from Plaintiff, or that they otherwise engage in any business in Virginia. *See* Rybak Aff. ¶¶ 7–8; Lonnqvist Aff. ¶¶ 5, 7–8, 10–12. Indeed, once Plaintiff returned to Virginia, Defendants' efforts to engage with Plaintiff ceased. Rybak Aff. ¶¶ 22–26. Because Plaintiff has failed to establish even a prima facie case that her claims arise out of Defendants' business transactions in Virginia, the Court need not proceed to assessing the constitutional facet of personal jurisdiction, and Defendants' Rule 12(b)(2) Motion to Dismiss for lack of personal jurisdiction will be granted.

**B. Venue**

Defendants also challenge this action as having been filed in the wrong venue. Mem. Supp. Mot. Dismiss 9. The rules governing venue are set forth in 28 U.S.C. § 1391(b), which provides as follows:

> A civil action may be brought in—(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the

action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

"Residency" for venue purposes is determined based on 28 U.S.C. § 1391(c), which provides that:

(1) a natural person, including an alien lawfully admitted for permanent residence in the United States, shall be deemed to reside in the judicial district in which that person is domiciled; [and] (2) an entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question and, if a plaintiff, only in the judicial district in which it maintains its principal place of business; . . . .

Based on these rules and the foregoing discussion of Defendants' residencies and personal jurisdiction, it is apparent that venue is improper in the Eastern District of Virginia. None of the Defendants reside in Virginia, let alone the Eastern District, and the "events or omissions giving rise to [Plaintiff's] claim" all occurred in Florida, not Virginia. And because it appears that venue would be proper in the Southern District of Florida, *see* Mem. Supp. Mot. Dismiss 10 (describing how all Defendants "reside" for venue purposes in the Southern District of Florida and all the alleged events took place in West Palm Beach, Florida); *Federal Judicial Districts of Florida*, https://www.flsd.uscourts.gov/federal-judicial-districts-florida [https://perma.cc/3KNH-B4J3] (last visited Jan. 29, 2023), and moreover again because Defendants are not subject to personal jurisdiction here, the third, catch-all provision of venue found in § 1391(b) is not available to Plaintiff.

Pursuant to 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Here, the Court does not find that the interest of justice favors transfer over dismissal, because it is not apparent that Plaintiff has the resources or desire to litigate this matter in Florida.

Accordingly, the Court will exercise its discretion pursuant to § 1406 and order that this matter be dismissed for improper venue.

## V.  CONCLUSION

For the reasons set forth above, the Court holds that Plaintiff has not alleged facts upon which this Court may exercise personal jurisdiction over the Defendants, and further the facts do not support the laying of venue in this forum.  Because Plaintiff has further failed to demonstrate that the interest of justice favors transfer over dismissal, Defendants' Motion to Dismiss (ECF No. 3) will be granted, and this civil action will be dismissed.

An appropriate Order shall issue.

/s/ RCY
Roderick C. Young
United States District Judge

Richmond, Virginia
Date:  January 30, 2024